UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>PLANTATION SWEETS, INC. and<br>RONALD COLLINS, an individual,<br><br>Defendants, | FILE NO.<br><br>CV618-008<br><br><br><u>**COMPLAINT**</u><br>**(Injunctive Relief Sought)** |

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the "Act", to have Defendants Plantation Sweets, Inc.( d/b/a "Plantation Sweets"), and Ronald Collins, an individual, (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of §§ 6 and 7 of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum wage and overtime compensation, together with an equal amount as liquidated damages.

I.

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

Defendant Plantation Sweets, Inc. at all times hereinafter mentioned, has been a Georgia corporation having a place of business and doing business in Cobbstown, Georgia.

Defendant Ronald Collins is the owner of Plantation Sweets, Inc. and is actively involved in the day-to-day operations of the business. Defendant Ronald Collins, doing business in Tattnall County, Georgia, at all times hereinafter mentioned acted directly or indirectly in the interest of the aforesaid Plantation Sweets, Inc., in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III.

At all times hereinafter mentioned:

    A.    Defendants engaged in related activities, performed either through unified operation or common control for a common business purpose, that constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

    B.    Such enterprise, which employed employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV.

Since at least July 14, 2014, Defendants violated willfully and repeatedly the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees, who are employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate. Specifically, Defendants failed to pay

the affected workers the legally required rate for all hours and falsified payroll records to reflect inaccurately reflect number of hours actually worked.

V.

Since at least July 14, 2014, Defendants violated willfully and repeatedly the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, Defendants failed to compensate employees who worked in the packing shed and engaged in packing produce, including onions and sweet potatoes, obtained from other growers for hours worked in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were employed. Instead, Defendants compensated some employees for hours worked in excess of 40 hours per week at the regular rate of pay and failed to compensate some employees for hours worked at all.

VI.

Since at least July 14, 2014, Defendants violated the provisions of §§ 11 and 15(a)(2) of the Act, 29 U.S.C. § 211 and § 215(a)(2), by failing to accurately record all hours worked by the packing shed employees.

## VII.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

    A.    Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6, 7, and 11 of the Act;

    B.    Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three (3) years prior to the commencement of the action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof, and such other employees as may be later identified up to or during trial);

    C.    And for such other and further relief as may be necessary and appropriate including costs of this action, including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

Respectfully submitted this 19th day of January, 2018.

| | |
|---|---|
| ADDRESS: | KATE S. O'SCANNLAIN<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone:<br> (404) 302-5458<br> (404) 302-5438 (FAX)<br>Email: edmondson-cooper.jana@dol.gov<br>       ATL.fedcourt@dol.gov | By:/s/ *Jana J.Edmondson-Cooper*<br>     JANA J. EDMONDSON-COOPER<br><br>Office of the Solicitor<br>U. S. Department of Labor<br><br>Attorneys for Plaintiff. |

U.S. DOL SOL Case No. 0400-17-00544